**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Walter E. JOHNSON, Respondent.**

No. 87–144.

Supreme Court of Iowa.

April 15, 1987.

James E. Gritzner and Thomas W. Foley of Nyemaster, Goode, mcLaughlin, Emery & O'Brien, Des Moines, for complainant.

Walter E. Johnson, Milford, pro se.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and NEUMAN, JJ.

SCHULTZ, Justice.

This attorney disciplinary proceeding arises from charges of misconduct brought against Walter E. Johnson based on his representation of the fiduciaries in two separate estates and his failure to respond to any inquiry by the Committee on Professional Ethics and Conduct. The grievance commission found that a convincing preponderance of the evidence established that respondent violated Disciplinary Rules 1–102(A)(1), (5) and (6);[1] 6–101(A)(1) and (3);[2] 7–101(A)(2) and (3);[3] and Ethical Considerations 6–1[4] and 6–4.[5]

1. DR 1–102(A) provides in part:
   (A) A lawyer shall not:
   (1) Violate a disciplinary rule.

   . . . . .
   (5) Engage in conduct that is prejudicial to the administration of justice.
   (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

2. DR 6–101(A) provides in part:
   (A) A lawyer shall not:
   (1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it.

   . . . . .
   (3) Neglect a legal matter entrusted to him.

It was the commission's recommendation that respondent's license to practice law be suspended for six months. We find that the respondent is guilty of misconduct and order that his license to practice law be suspended indefinitely with no possibility of reinstatement for six months.

The original accusation of misconduct involved two estates. The first estate was opened in 1978, the probate inventory was not filed until 1980, and the inheritance tax was not fully paid until 1983. The final report was filed in 1983; however, the estate still remains open. The estate had to pay delinquency penalties on the state inheritance tax return and federal estate tax return.

The second estate was opened on July 16, 1982. Numerous delinquency notices have been given, but, as of the date of hearing, no final report had been filed. As in the first estate, there was a penalty and interest due on the delinquent tax return.

At the time of the hearing, respondent had not received fees in either estate but apparently intended to collect them, as he had taken them as deductions on the tax returns. He indicated that he volunteered to pay the penalty and interest but claimed that both fiduciaries "didn't want it that way."

On two occasions, the respondent was notified by the committee that he must respond to a complaint that he had failed to remove a probate delinquency. He admitted that on each occasion he had received the letter and that he did not open it. He stated, "I just didn't seem to be able to

3. DR 7–101(A) provides in part:
   (A) A lawyer shall not intentionally:

   . . . . .
   (2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw....
   (3) Prejudice or damage his client during the course of the professional relationship,....

4. EC 6–1 provides that "a lawyer should act with competence ... and should accept employment only in matters which he is or intends to become competent to handle."

5. EC 6–4 provides that a lawyer is to "safeguard" the interest of a client and "to prepare adequately for and give appropriate attention to his legal work."

force myself to do it; although, I was aware that I needed to."

Respondent was seventy-four years old at the time of the hearing. He stated that he had limited his practice to income tax preparation. Respondent offered no reasonable or justifiable excuse for his delinquency in filing tax returns and complying with the orders of the district court to close the one estate. He stated:

I just don't know what to say other than I did receive the notices. I did receive the delinquencies but somehow I was unable to do anything about it. Now, I knew something should be done. I knew that if I didn't, there would be a problem. But somehow I just didn't have—whether it was mental block or something else, I don't know. I just wasn't able to do it. Where things are not personal, I have no problem. But when it's personal, why, then I can't explain it to myself. I can't explain it to you. I just wasn't able to do it.

A convincing preponderance of the evidence supports the commission's finding that respondent was negligent and dilatory in the handling of the two estates. Additionally, we are concerned that respondent did not pay the penalty on the tax returns, which accrued because of his unexcused failure to file returns. Finally, his failure to respond to the committee's inquiry is a separate act of misconduct. *Committee on Professional Ethics & Conduct v. Horn,* 379 N.W.2d 6, 8 (Iowa 1985). We agree with the commission's recommendation that respondent's license to practice law in Iowa should be suspended indefinitely with no possibility of reinstatement for six months from the date of the filing of this opinion. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13. As respondent is seventy-four years of age and indicates that he is closing out his law practice, in any such application for reinstatement respondent shall submit satisfactory evidence of his physical and mental health and that he will put in place, use and maintain office practices that will assist him in performing future work in a timely matter. Additionally, respondent shall present evidence that

he has reimbursed the estates for penalties incurred for late filing of tax returns.

LICENSE SUSPENDED.